UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZA CLARK**<br>    **LA. DOC #331222**<br>**VS.**<br><br>**WARDEN, ALLEN CORRECTIONS**<br>**CENTER** | **CIVIL ACTION NO. 6:09-1491**<br><br>**SECTION P**<br><br>**JUDGE DOHERTY**<br><br>**MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Eliza Clark filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on August 4, 2009. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. When he filed this petition, Clark was incarcerated at the Allen Correctional Center in Kinder, Louisiana. However, he has since been transferred to the David Wade Corrections Center in Homer, Louisiana. Petitioner attacks his 2004 conviction for being a felon in possession of a firearm and the fifteen year sentence imposed on March 17, 2005 by the Fifteenth Judicial District Court for Lafayette Parish, Louisiana . This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was arrested on October 25, 2003 and charged with armed robbery, possession of a firearm by a convicted felon, possession of marijuana, possession of a firearm while in possession of a controlled dangerous substance, and possession of a firearm with an obliterated serial number.  The state dropped all but the armed robbery and felon in possession of a firearm charges and petitioner proceeded to trial on December 14, 2004. On December 15, 2004, the jury returned a verdict of guilty to the felon in possession of a firearm charge. Petitioner was found not guilty of armed robbery. [rec. doc. 1-3, p. 4].  On March 17, 2005, petitioner was sentenced to serve fifteen years at hard labor without benefit of parole. [rec. doc. 1-3, p. 5; rec. doc. 6-4, pp. 37-47]. Petitioner's motion to reconsider his sentence was denied on March 28, 2005. [rec. doc. 6-2, pp. 63-65].

Appellate counsel was appointed and petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals, arguing insufficiency of the evidence and excessiveness of sentence. [rec. doc. 1, ¶ 9; rec. doc. 6-2, pp. 28-45].  Petitioner's conviction and sentence were affirmed on March 1, 2006 in an unpublished opinion. *State of Louisiana v. Eliza Clark*, 2005-01237 (La. App. 3 Cir. 3/1/2006), 925 So.2d 56 (Table). [*See also* Slip Opinion at rec. doc. 6-2, pp. 12-20].  In a letter dated March 27, 2006, appellate counsel advised petitioner that the Third Circuit had affirmed his conviction and sentence and further advised that the Louisiana Appellate Project would

proceed no further, as it was his opinion that the Louisiana Supreme Court would not grant a writ application. Petitioner was also provided a copy of the Third Circuit's opinion. Petitioner was expressly advised by counsel that he could file a *pro se* writ application and was further advised that his application would have to be filed within 30 days of March 1, 2006, the date of the Third Circuit's decision. Moreover, counsel specifically advised petitioner "that unless filed timely, a writ application or a state post conviction application does not stop the time limits from running. These time limits are rigidly enforced, especially in the federal courts. Your claims will be lost forever if you do not meet the deadlines." [rec. doc. 6-4, pp. 62 and 67].

Petitioner signed, and thus filed, his Louisiana Supreme Court *pro se* writ application on April 28, 2006,[1] well beyond the 30 day period described in Supreme Court Rule X, § 5(a). Despite counsel's warnings, petitioner did not seek an extension of time to file his writ application, nor did he request permission to file an out-of-time writ application. [rec. doc. 6-4, pp. 70-84]. The writ application was mailed on May 1, 2006, and was received and filed in the Louisiana Supreme Court on June 12, 2006. [rec. doc. 6-4, p. 68]. Petitioner's application for writs was denied by the Louisiana Supreme Court on February 16, 2007. *State ex rel. Eliza Clark v. State of Louisiana*, 2006-1473 (La. 2/16/2007), 949 So.2d 410. [*See also* rec. doc. 6-4, p. 27].

---

[1] The Louisiana Supreme Court follows the "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266, 282, 108 S. Ct. 2379, 101 L. Ed.2d 245 (1988). *See State of Louisiana ex rel. Egana v. State of Louisiana*, 00-2351 (La.9/22/00), 771 So.2d 638 (A prisoner's *pro se* pleading is "filed" the moment he presents it to prison officials for mailing to the court. Thus, the date that petitioner signed the pleading is the earliest date that the pleading could be said to have been filed.)

On February 26, 2007, petitioner filed a *pro se* application for post-conviction relief in the Fifteenth Judicial District Court. [rec. doc. 6-2, p. 53]. Petitioner argued claims of ineffective assistance of counsel, prosecutorial misconduct, and bias in sentencing. [rec. doc. 6-4, pp. 3-26]. Counsel was appointed, and an evidentiary hearing was held on October 18, 2007. At the hearing, petitioner waived all claims except his ineffective assistance of counsel claim, asserting that counsel was ineffective for failing to have the weapon tested to determine if the victim's DNA was present on the weapon. At the conclusion of the hearing, the trial court dismissed the application because petitioner "failed to meet his burden of proof." [rec. doc. 1-4, pp. 1-11, Exhibit A; rec. doc. 6-4, pp. 53-61].

Petitioner sought review in the Third Circuit Court of Appeals. [rec. doc. 6-2, pp. 1-7]. His writ application was filed on January 16, 2008 and assigned Docket Number 08-00058-KH. [rec. doc. 6-4, p. 64]. On some unspecified date petitioner's writ application was denied.[2]

Petitioner mailed his writ application to the Louisiana Supreme Court on May 27, 2008; it was received and filed on June 16, 2008, and assigned Docket Number 2008-KH-1299. [rec. doc. 6-4, p. 65].[3] On March 6, 2009, the Louisiana Supreme Court denied writs. *State of Louisiana ex rel. Eliza Clark v. State of Louisiana*, 2008-1299 (La. 3/6/2009), 3 So.3d 479.

---

[2] Petitioner did not provide a copy of the Third Circuit's Judgment denying writs in the matter under Docket Number 08-00058.

[3] Petitioner did not provide a copy of his writ application filed in the Louisiana Supreme Court.

Petitioner signed his federal petition on August 20, 2009 [rec. doc. 1, p. 10] and mailed it on August 21, 2009. [*Id.*, pp. 11-12]. He again argues that he received ineffective assistance of counsel and that there was insufficient evidence to support his conviction.

## LAW AND ANALYSIS

*One-Year Limitation Period*

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for the filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[4]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period (*see Villegas v.*

---

[4] Nothing in the record before the court suggests that any State created impediment prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [*See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]. Accordingly, these provisions are inapplicable.

*Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)) and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Third Circuit Court of Appeals. On March 1, 2006, his conviction and sentence were affirmed. *State of Louisiana v. Eliza Clark*, 2005-01237 (La. App. 3 Cir. 3/1/2006), 925 So.2d 56 (Table). In the absence of any evidence to the contrary, it must be presumed that the Third Circuit, following the Uniform Rules of the Courts of Appeal, mailed Notice of Judgment along with a copy of their opinion to petitioner's appellate counsel that date.[5] Pursuant to Supreme Court Rule X, § 5(a), petitioner had 30 days following the Third Circuit's mailing of the notice of judgment within which to petition the Louisiana Supreme Court for further direct review, that is, on April 3, 2006.[6]

---

[5] *See* Uniform Rule 2-16.4, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel."

[6] Louisiana Supreme Court Rule X, § 5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ." Since the Third Circuit's opinion was issued on March 1, 2006, it is presumed that the Third Circuit followed its own rule and mailed the opinion to appellate counsel on that same day. The 30-day period of limitations prescribed by Rule X expired on Friday, March 31, 2006. Since the following days were legal holidays, the undersigned believes that the last day for filing would have been extended to Monday, April 3, 2006 and therefore that date has been determined to be the date of finality of judgment for the purposes of this Report.

6

However, petitioner did not sign, and thus could not have filed, his writ application until April 28, 2006, almost a month after the Rule X deadline had passed. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A) petitioner's judgment of conviction "became final by . . . expiration of the time for seeking [further direct] review . . ." when the 30-day period for seeking further direct review expired, or, on or about April 3, 2006.[7] *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court . . . or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' Butler's time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's June 24, 1998 decision, challenge that decision in the state Supreme Court.")[8] Thereafter, petitioner had one year, or until April 3, 2007, to file his federal *habeas corpus* petition.

---

[7]*See* fn. 6, *supra.*

[8] As noted above, petitioner was made aware of the requirements of Rule X and of the importance of filing within the deadline. It does not appear that petitioner either sought an extension of time from the Louisiana Supreme Court, or permission to file an out-of-time writ application. *See Butler*, 533 F.3d at 319 ("Finally, there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D. La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed. Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed. Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely.")

Petitioner filed an application for state post-conviction relief on February 26, 2007 [rec. doc. 6-2, p. 53; 6-4, pp. 3-26] and was thus able to statutorily toll the limitation period pursuant to 28 U.S.C. § 2244(d)(2). However, by the time he filed his application for state post-conviction relief, a period of 319 days of the one-year period of limitation had expired, and, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period in this court. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

Petitioner was able to statutorily toll the limitation period until March 6, 2009, the date the Louisiana Supreme Court denied writs, thus terminating his State post-conviction litigation. *State of Louisiana ex rel. Eliza Clark v. State of Louisiana*, 2008-1299 (La. 3/6/2009), 3 So.3d 479. Thereafter, tolling ceased and the AEDPA limitations began to run anew. Another 166 days elapsed before petitioner filed his federal *habeas corpus* petition in this court. Thus, a period of 485 days (approximately 16 months) elapsed, untolled, between the date petitioner's judgment of conviction became final by the expiration of the time for seeking further direct review and the date petitioner filed his federal *habeas corpus* petition. Thus, under the statutory framework, the instant petition has been untimely filed.

### *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in

rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the United States Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the State of Louisiana, nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

While it is true that his court-appointed appellate counsel did not immediately notify petitioner that his conviction had been affirmed, counsel made it abundantly clear that petitioner needed to file his writ application in the Supreme Court within 30 days of

the March 1, 2006 judgment of the Third Circuit. Counsel impressed upon petitioner the significance of both the State and Federal time limitations, yet petitioner did not request an extension of time to file his writ application, nor did he apply for permission to file an out-of-time writ application.

Further, as shown above, petitioner allowed a period in excess of 5 months to elapse between the date his post-conviction application ceased to be pending in the Louisiana state courts and the date he filed the instant petition. Petitioner was therefore not diligent in pursuing his rights and accordingly, he is not eligible for equitable tolling.

In light of the above,

**IT IS RECOMMENDED** that this federal *habeas corpus* petition be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

**authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed April 12, 2010, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE